## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CLIFFORD AKA STORMY DANIELS | : : | Civil Action No. 2:19-MC-47-MHW-KAJ |
| Plaintiff, | : : | Judge: Michael H. Watson |
| v. | : : | Magistrate Judge: Kimberly A. Jolson |
| DONALD J. TRUMP | : : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | : : : | Civil Action No. 2:19-CV-00119 |
| | : | Judge: Michael H. Watson |
| Plaintiff, | : : | Magistrate Judge: Elizabeth P. Deavers |
| v. | : : | |
| SHANA M. KECKLEY, et. al. | : : : | |
| Defendants. | : | |

### PLAINTIFF'S MOTION TO ANNUL OR VACATE
### THE REGISTERED JUDGMENT FILED BY DONALD J. TRUMP

Plaintiff, Stephanie Clifford, moves the Court to annul or vacate Mr. Trump's Certification of Judgment [Dkt. No. 1 in Case No. 2:19-cv-47] and subsequently filed, the "Notice of Registration of Foreign Judgment" ("Notice") [Dkt. No. 43 in Case No. 2:19-cv-119]. Mr. Trump's Notice is null and void because there is no registered judgment. The Notice should be vacated from the record.

1

## I. INTRODUCTION

Ms. Stephanie Clifford, the alleged judgment-debtor, moves this Court to strike Mr. Donald J. Trump's attempt to register an out-of district judgment.

The judicial order at issue stems from a diversity jurisdiction case from the U.S. District Court for the Central District of California. Ms. Clifford sued Mr. Trump for a defamatory tweet. Mr. Trump filed a motion to dismiss to the Complaint, coupled with a motion to strike, based on a Texas anti-SLAPP statute. That statute provides that a court should award a prevailing defendant attorney fees and costs. The California federal court granted Mr. Trump's motions. Ms. Clifford appealed. Ms. Clifford's appeal is pending before the Ninth Circuit.

While that appeal was pending, Mr. Trump moved for attorney fees and costs under the Texas anti-SLAPP statute. On December 11, 2018, the California federal court entered an order titled "CIVIL MINUTES - GENERAL" in which it awarded Mr. Trump $293,052.33 in attorney fees and costs. The court never entered a judgment.  Mr. Trump's local California counsel prepared a journal entry and filed a motion with the California federal court to enter a final judgment.  *See* Ex. "A" – Notice of Lodging. That motion is still pending. The Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments or appealable orders. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999). Under that court's local rules, "minute orders" are not judgments, nor can a court clerk, acting alone, without affirmative approval by the court, enter final judgment. Under Ninth Circuit precedent and the California's federal court's local rules, there was never a judgment issued. See Local Rules for the Central District of California, L.R. 58-6.[1]

---

[1] L.R. 58-6 Entry of Judgment - Memorandum of Decision, Opinion, Minute Order.  Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge.

Against this background, Mr. Trump's Ohio counsel makes the claim that the California civil minute is a registrable judgment under 28 U.S.C. §1963. But that provision only applies when there is: (i) a judgment; (ii) that is final by appeal or expiration of the time to appeal; or (iii) when a party shows good cause, the issuing court orders the court to certify a judgment. *F.D.I.C. v. McFarland*, 243 F.3d 878, 892 (5th Cir. 2001). To begin, and as noted, a minute order does not qualify as a judgment. *See* Fed. R. Civ. P. 54 & 58. None of these conditions exist and the CIVIL MINUTE cannot be bootstrapped into a judgment or appealable order.

Mr. Trump's minute order is not a judgment nor is it final by appeal or because the time to appeal has expired. As presented, Mr. Trump's filing is a demonstrable instance of abuse of this Court's process. *See Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 108 (6th Cir.1974) (holding that the registering court has pendent-jurisdiction to adjudicate a state law abuse of process claim that accrues from a registering party's wrongful registration under §1963). This Court should nullify or vacate Mr. Trump's registration.

## II. DETAILED BACKGROUND

**A. The facts that prompted litigation between the parties**

Ms. Clifford filed a Complaint against Mr. Trump in the Southern District of New York. She alleged that he had defamed her in a tweet. The parties' story stretches back to 2006. Ms. Clifford began an affair with Mr. Trump in the summer of 2006 until sometime in 2007. In May 2011, *In Touch* magazine sought an interview with Ms. Clifford about her affair with Mr. Trump. She agreed to an interview. *See* Dkt. 43.1 (19-CV-00119) ("Dkt. 43.1" hereinafter).

Before the interview, a man threatened Ms. Clifford and her daughter in Las Vegas, Nevada. The man told Ms. Clifford to leave Mr. Trump's story alone. Sometime after, Ms. Clifford

worked with a sketch artist to generate a sketch of the man who threatened her. She publicly released that sketch on April 17, 2018. See

The next day, Mr. Trump released a false statement about the sketch on his private Twitter account. Mr. Trump tweeted: "A sketch years later about a nonexistent man. A total con job." Based on that false tweet, Ms. Clifford filed a defamation lawsuit against Mr. Trump. In essence, Ms. Clifford alleged that Mr. Trump's tweet made her out as a liar and that it falsely portrayed to the public that her claims of a threatening encounter never happened.

**B. The defamation litigation**

As noted, Ms. Clifford at first filed her lawsuit in New York federal court. But Mr. Trump moved to transfer venue from New York federal court to the U.S. District Court for the Central District of California. While that motion was pending, the parties stipulated to transferring the case from New York to California.

In California, Mr. Trump moved to dismiss/strike Ms. Clifford's Complaint. In his motion, Mr. Trump asserted that Texas substantive law applied to the lawsuit. As a result, the Texas anti-SLAPP statute—The Texas Citizens' Participation Act—applied. Under that statute, a defendant can attain relief by showing that the targeted speech is a matter of public concern. When a defendant shows that, the statute mandates dismissal. Besides requiring dismissal of the suit, the anti-SLAPP statute also affords a prevailing defendant his attorney fees and costs.

The court agreed with Mr. Trump and dismissed Ms. Clifford's lawsuit. The court held that the Texas anti-SLAPP statute applied.[2] The court also held that Mr. Trump could recover his

---

[2] Throughout the California litigation, whether the TCPA applies in federal court was an open question in the Fifth Circuit; the federal appellate court that oversees diversity jurisdiction appeals involving Texas law. But the Fifth Circuit recently held that the TCPA does not apply in federal court in diversity jurisdiction cases. *Klocke v. Watson*, 936 F.3d 240, 245-246 (5th Cir. 2019). Thus, a substantial reason for the California district court's dismissal of Ms. Clifford's case and the sole basis for the attorney fees and costs award, was a law that should not have been applied in the first place. Ms. Clifford filed a Fed. R. App. P. 28 (j) letter brief in her pending Ninth Circuit Court of Appeals appeal on the TCPA's applicability.

attorney fees and costs under the anti-SLAPP statute. Ms. Clifford appealed. The appeal is pending.

### C. The attorney fee and costs award — the order at issue

Mr. Trump moved the court for an award of attorney fees and costs. After briefing and oral argument, the court issued an order titled "CIVIL MINUTES - GENERAL" in which it awarded Mr. Trump $293,052.33 in attorney fees and costs. But the court never entered a judgment, nor did it direct the court clerk to do so. Neither did the court hold that its minute order should serve as a final judgment. The next day, after the court's issuance of its minute order, Mr. Trump's local California counsel prepared a journal entry and filed a motion with the California federal court to approve and enter a final judgment. That motion is still pending. Neither the district court nor the court clerk has entered any judgment on the record (*see* Fed. R. Civ. P. 79(a)) or made any other findings other than those in the civil minute order.

### D. Registration proceedings in this district

On September 30, 2019, Mr. Trump's attorneys secured a Clerk's Certification of a Judgment To Be Registered in Another District (Form AO-451).[3] In trying to register an out-of-district judgment under 28 U.S.C. §1963, Mr. Trump filed the California Form AO-451, together with the California federal court's civil minute order. But Mr. Trump failed to attach a final judgment or appealable order together with his Form AO-451. Noting that no final judgment or appealable order was issued in California, Ms. Clifford moves to quash Mr. Trump's attempted registration of judgment under 28 U.S.C. §1963.

---

[3] The Form AO-451 is standard form that various federal courts use to certify court orders and judgments. In contrast, Form AO-450 is a form federal court clerks use to enter final judgment when the court orders them to do so.

5

### III. STANDARD OF REVIEW

The Sixth Circuit has outlined the remedial steps an aggrieved party may take with the registering court when a judgment has been erroneously registered in its district:

> (I)t seems clear that the registering court has authority, necessarily implied from §1963 and as a matter of inherent jurisdiction, where a foreign judgment has been registered in knowing violation of the terms of the registration statute to grant relief (a) by annulling or vacating the registered judgment ...; (b) by vacating any process or executions which may have issued upon the registered judgment; and (c) by restoring to the aggrieved parties any assets or properties which may have been seized or levied upon.

*Goldsmith v. Midwest Energy Co.*, 90 F.R.D. 249, 250 (N.D. Ohio 1980) (Battisti, C.J.) (quoting *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 108 (6th Cir. 1974)).

### IV. ARGUMENT

Under 28 U.S.C. §1963 before a moving party can register a court order, it must be (i) a judgment; that is (ii) "final." *Id.* If the order at issue is not a judgment or final after appeal, it cannot be registered. *Urban Ind., Inc. v. Thevis*, 670 F.2d 981, 985 (11th Cir. 1982) ("[T]he language of section 1963 is unambiguous in requiring that a judgment be final before it may be registered in another judicial district."). The minute order here is not a final judgment or an appealable order. And since that order is not a final judgment or appealable order, *the appellate clock never started*, *let alone lapsed.* Finally, the California federal court did make a good-faith finding necessary to sidestep the completion of an appeal requirement of §1963. Thus, the order is unregistrable.

**A. The California order is not a judgment that can be registered under §1963**

"[W]e begin, as we must, with a careful examination of the statutory text." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). The text of 28 U.S.C. §1963 provides that a "*judgment* in an action for the recovery of money or property entered in any, . . . district court, . . . may be registered by filing a certified copy of the *judgment* in any other district

6

. . . when the judgment has become final by appeal or expiration of the time for appeal." *Id.* (Emphasis added). But when either the time for appealing has not expired or the judgment has not become final by appeal, the issuing court, may, when "good cause is shown" order that a court clerk certify a judgment for registration. *Id.* When a party registers a judgment in a registering district, it "may be registered in like manner in any district in which the judgment is a lien." *See* §1963. In other words, a registered judgment "becomes the judgment of that court as well as the judgment of the court which originally rendered it." *Sheridan v. Broadway Co.*, 1989 WL 48416, at *2 (D.N.J. May 3, 1989), *aff'd*, 891 F.2d 283 (3d Cir. 1989); *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) (registering a judgment under §1963 "has the same effect as a judgment of the [registering] district court.") (citations omitted).

To begin, §1963 only allows a party to register a judgment. *Monge v. Rojas*, 150 F. Supp. 3d 1244, 1250 (D.N.M. 2015) ("Section 1963 allows a party to register only 'the *judgment*' not parts of the judgement, or more precisely, interlocutory orders entered before judgment.") (Emphasis in original). Federal law—specifically the Federal Rules of Civil Procedure[4]—have a specific meaning for what amounts to a judgment. A judgment "includes a decree and *any order from which an appeal lies*." Fed. R. Civ. P. 54(a) (emphasis added). But a judgment does not "include recitals of pleadings, a master's report, *or a record of prior proceedings*." *Id.* (emphasis added). Thus, minute orders—which are a record of prior court proceedings—are not judgments. *Id.*; *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir.1989) (A minute order is "a description of what transpired in the courtroom.").

---

[4] The Federal Civil Rules of Procedure have the same status as federal statutes. *See Gallivan v. United States*, No. 18-3874, 2019 WL 5793013, at *3, --- F.3d --- (6th Cir. Nov. 7, 2019); *see also Harris v. Nelson*, 394 U.S. 286, (1969) (federal courts must treat the federal rules of civil procedure as they would statutes, and may not modify them by judicial construction).

A judgment is final and able to trigger appeal rights when it complies with both Fed. R. Civ. P. 58 and 79. "A judgment is effective only . . . when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58; *see also Radio Tele. Espanola*, 183 F.3d at 930 (unless both Rule 58 and 79(a) are satisfied, there is no valid judgment). Indeed, the Central District of California's Local Rules "clarify what cannot constitute an 'entry of judgment' in the Central District under Rules 58 and 79(a)." *Radio Tele. Espanola*, 183 F.3d at 930. Under those Local Rules, neither "a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall . . . constitute entry of judgment pursuant to F.R. Civ. P. 58 and 79(a) unless specifically ordered by the judge." L.R. 58-6 (C.D. Cal. 2019). Nor can a court clerk, acting alone, without affirmative approval by the court on the record, enter final judgment. *See* L.R. 58-5 (C.D. Cal. 2019).

As applied here, Mr. Trump's registration lacks a registrable judgment. The California federal court entered an order titled "CIVIL MINUTES - GENERAL" in which it awarded Mr. Trump $293,052.33 in attorney fees and costs. But the court never entered a judgment, nor did it direct the court clerk to do so. *See* Fed. R. Civ. P. 79(a)(2)(C) (court clerk "must" enter on the docket "orders, verdicts, judgments"); *see also* L.R. 58-5 (C.D. Cal. 2019). Neither "a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall . . . constitute entry of judgment . . . ." L.R. 58-6 (C.D. Cal. 2019). In fact, the Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments or appealable orders. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999).

**B. Mr. Trump's wrongfully registered order is not final under §1963**

Besides not being truly a judgment, the order at issue is not final under the clear terms of §1963. To be final under §1963, a judgment must be so "by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." *Id.*;

8

*McFarland*, 243 F.3d at 892. "[F]inal by appeal" means a judgment that withstands an appeal. *Monge*, 150 F. Supp. at 1250 (citations omitted). The time for filing an appeal, on the other hand, is within 30-days after a final judgment or an order denying post-judgment motion issues. *See* Fed. R. App. P. 4(a)(1) & (4). But when a court has not issued a final judgment, the time within which to appeal never begins to run nor expires. *See McFarland*, 243 F.3d at 892 n. 86; *accord Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 & n.10 (4th Cir. 1978).

The order at issue never triggered the appellate clock. As noted, the order is a minute order, which under settled Ninth Circuit precedent and Central District's Local Rules, is not a final judgment able to trigger the appellate clock. *Radio Tele. Espanola*, 183 F.3d at 930; *accord* L.R. 58-6 (C.D. Cal. 2019). Without a final judgment, a party cannot maintain an appeal.[5] Thus, Ms. Clifford could not have appealed.

Finally, §1963's good cause exception does not apply. Under that exception, a district court can order a clerk to certify a judgment when it finds good cause to permit registration, even though an appeal has not been completed. *See* §1963. The statute does not define good cause. But federal courts have found the existence of substantial assets in another district sufficient good cause. *See Monge*, 150 F. Supp. at 1249 (collecting cases).

Here, that exception does not apply for two reasons. First, and as noted, there is no judgment to trigger §1963's provisions. *Monge*, 150 F. Supp. 3d at 1250 ("Section 1963 allows a party to register only *'the judgment'* not parts of the judgement, or more precisely, interlocutory orders entered before judgment.") (Emphasis in original). Second, the Central District of California never entered any order finding good cause; only that court can make that finding. *See Woodward*

---

[5] Fed. R. Civ. P. 54(b) allows a party to appeal a non-final judgment, but that provision requires court certification. The record in California does not record a Rule 54(b) certification. *See, e.g.*, Fed. R. Civ. 79(a) (requiring the court clerk to record on the record all official court papers).

*& Dickerson v. Kahn*, No. 89 CIV. 6733 (PKL), 1993 WL 106129, at *1 n. 1 (S.D.N.Y. April 2, 1993) (court which rendered the judgment may enter an order allowing the litigant to register the judgment elsewhere); *accord Monge*, 150 F. Supp. 3d at 1250.

The Ninth Circuit and the local rules of the U.S. District Court for the Central District of California are clear: "Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge." The documents filed by Mr. Trump cannot become a final order or judgment by the mere recognition by the court clerk that the appeal time has expired. The CIVIL MINUTES possess none of the hallmarks of a final order or appealable judgment which both Ninth Circuit caselaw and local rule recognize as an unappealable order which does not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a). Mr. Trump's attorneys long ago recognized this fact when they filed Mr. Trump's local California counsel prepared a journal entry and filed a motion with the California federal court to enter a final judgment. See Ex. "A" – Notice of Lodging.

### V. CONCLUSION

In conclusion, this Court should find that the order at issue is unregistrable. Thus, the Court should annul or vacate the registration. *See Ohio Hoist Mfg.*, 490 F.2d at 108.

Respectfully Submitted,

/s/ *Chase A. Mallory*
Chase A. Mallory (0084728)
Chase@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Daniel J. Sabol*
Daniel J. Sabol (0081403)
Dan@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
Mbilike Mwafulirwa OBA# 31164 (Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 13, 2019 a true and exact copy of the above and foregoing document was served via the Court's CM/ECF filing system to all registered counsel of record.

/s/ *Chase A. Mallory*
Chase A. Mallory (0084728)
*Attorney for the Plaintiff*